UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 8:17-CR-402-T-17JSS

JUSTIN SCOTT HUNT.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 48 | Notice of Expert Evidence of a Mental Condition |
| Dkt. 56 | Motion in Limine to Exclude Expert Testimony |
| Dkt. 61 | Sealed Report |
| Dkt. 66 | Response |
| Dkt. 71 | Reply |

The Government requests that the Court exclude the testimony of Dr. Eddy Regnier because the testimony is irrelevant to a fact at issue in this case.

Defendant Hunt opposes the Government's Motion in Limine.

The Court heard oral argument on March 14, 2019.

I. Background

1.  In Count I of the Indictment (Dkt. 1), Defendant Justin Scott Hunt is charged with a violation of 18 U.S.C. Sec. 2422(b), from January, 2016 through July, 2016, using a facility and means of interstate commerce, the Internet, knowingly attempting to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person

Case No. 8:17-CR-402-T-17JSS

could be charged with a criminal offense, the crime of lewd and lascivious battery upon a person less than 16 years of age, in violation of Florida Statute Sec. 800.04(4)(a).

2. The Government must prove that Defendant Hunt acted with the specific intent to persuade, induce, entice, or coerce "Nicky" (a minor) to engage in criminal sexual activity. *United States v. Yost*, 479 F.3d 815, 819 (11th Cit. 2007). An actual minor is not required for a Section 2422(b) attempt conviction. It is sufficient that a defendant believe a minor is involved. *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002).

3. The Government must further prove that Defendant Hunt took a substantial step toward the commission of the underlying crime. A substantial step can be shown when the defendant's objective acts mark his conduct as criminal and, as a whole, "strongly corroborates the required culpability." *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004).

4. In Count II of the Indictment, Defendant Justin Scott Hunt is charged with a violation of 18 U.S.C. Sec. 1470, on May 2, 2016, using a facility and means of interstate commerce, the Internet, knowing attempting to transfer obscene material, an image of an erect penis, to an individual who had not attained the age of 16 years.

5. The Government is required to prove that Defendant Hunt acted with specific intent to transfer obscene material to "Nicky." *United States v. Cote*, 504 F.3d 682, 687 (7th Cir. 2007).

Case No. 8:17-CR-402-T-17JSS

6. Dr. Eddy Regnier evaluated Defendant Justin Scott Hunt on January 24, 2019 in order to assess Defendant Hunt's sexual risk to children, to determine if Defendant Hunt was coerced to commit the crime, and to determine if Defendant Hunt's mental health problems contributed to the commission of the offense. (Sealed Dkt. 61, p. 1).

II. Standard of Review

A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the Court throughout the trial. *Schuler v. Mid-Central Cardiology*, 313 Ill. App.3d (4th Dist. 2000). The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 41 (1984)(federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). The Court excludes evidence on a Motion in Limine only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Motions in Limine are disfavored; admissibility questions should be ruled on as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a Motion in Limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the Court cannot determine whether the evidence in question should be excluded outside the trial context. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). The Court will

3

Case No. 8:17-CR-402-T-17JSS

entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion in Limine. *Id.* "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Hawthorn Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400-1401 (N.D. Ill 1993).

III. Discussion

The Government has moved to exclude the testimony of Dr. Eddy Regnier at trial on the following issues.

A.  Impulse control

The Government argues that Dr. Regnier would testify that Defendant Hunt may have psychological issues with impulse control, but controlling Eleventh Circuit case law forecloses admitting such evidence. See *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990) "(Psychiatric evidence of impaired volitional control or inability to reflect on the ultimate consequences of one's conduct is inadmissable whether offered to support an insanity defense or for any other purpose")."

Defendant Hunt responds that Dr. Regnier will testify as to other issues, but not as to Defendant Hunt's psychological issues with impulse control.

After consideration, since Dr. Regnier will not testify as to Defendant Hunt's issues with impulse control, the Court denies the Motion in Limine as moot.

Case No. 8:17-CR-402-T-17JSS

B.  Abilify

Defendant Hunt asserts that Dr. Regnier will offer testimony as to known side effects of the medication "Abilify." Defendant Hunt further asserts that Dr. Regnier will not testify that Defendant Hunt did not or could not have the intent to attempt to entice a minor to commit a sexual act, nor will Dr. Regnier offer his opinion as to Defendant Hunt's specific reaction to Ability at the time of the offense, or that it caused Defendant Hunt to have impaired volitional control.

The Government has responded that Dr. Regnier's report lists only one drug having relevance to Defendant Hunt's intent in this case, Abilify, and the only side effect of Abilify that Dr. Regnier notes is that it is "linked to loss of impulse control." The Government argues that psychiatric evidence of loss of impulse control is inadmissible, citing *United States v. Cameron*, 907 F.2d 1051 (11th Cir. 1990).

After consideration, since testimony as to the known side effects of Abilify relates only to one issue, the loss of impulse control, the Court grants the Motion in Limine as to this issue.


C.  Defendant Hunt's lack of psychiatric conditions associated with sexual attraction to children (primarily pedophilia and/or that Defendant Hunt is not predisposed to want to engage in sexual activity with a child; Defendant Hunt does not display the patterns of behavior clinically associated with sexual attraction to children

Defendant Hunt argues that Dr. Regnier will testify as to Defendant Hunt's

5

Case No. 8:17-CR-402-T-17JSS

lack of psychiatric conditions associated with sexual attraction to children, and Defendant Hunt does not display the pattern of behavior clinically associated with sexual attraction to children.

The Government responds that the above testimony is not relevant to the issues of specific intent to persuade a minor to entice a minor or specific intent to transfer obscene material to a minor.

In *United States v. Godwin*, 399 F. Appx 484, 488 (11th Cir. 2010) (unpublished) (holding that the "issue of whether Godwin was a pedophile or predator was not relevant to the elements of Sec. 2422(b)), the Eleventh Circuit upheld the district court's exclusion of expert testimony regarding a defendant's lack of sexual attraction to children and lack of interest in having sex with children in an attempted enticement case.

After consideration, the Court grants the Motion in Limine as to this issue.

C. Fantasy

The Government argues that Dr. Regnier's testimony that Defendant Hunt told him that his communications were role play should be excluded, as this testimony is tantamount to an opinion that Defendant Hunt lacked the mental state to commit the charged offenses. The Government asserts that the Government will not seek to admit Defendant Hunt's post-Miranda interview into evidence at trial.

Defendant Hunt responds that the Government's objection to the admissibility of Defendant's statements goes to the weight of the evidence, not the admissibility of the evidence, and the Government would have the

6

Case No. 8:17-CR-402-T-17JSS

opportunity to cross-examine Dr. Regnier.

The Court notes that the district court has excluded such testimony in other attempted-inducement cases, and the exclusion has been affirmed on appeal. See *United States v. Levinson*, 2011 WL 1467225 at *6 (S.D. Fla. 2011)(excluding fantasy testimony in an attempted-inducement case under Rule 704(b)), *report and recommendation adopted*, 2011 WL 1467222, *aff'd*, 504 Fed. Appx. 824 (11th Cir. 2013). In *Levinson*, The district court noted that the proposed testimony was not verifiable, and further that Fed. R. Ev. 704(b) prevents an expert from offering an opinion as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense there. The district court relied on *United States v. Hofus*, 598 F.3f 1171, 1179-80 (9th Cir. 2010)(opinion that defendant who sent text messages was only engaging in fantasy was precisely the question for the jury, and was inadmissible under Rule 704(b), and such testimony would likely confuse the jury). The Eleventh Circuit affirmed on the basis that the expert's testimony was unreliable.

After consideration, the Court grants the Motion in Limine as to this issue. Accordingly, it is

**ORDERED** that the Government's Motion in Limine is **denied in part as moot**, and **otherwise granted**. The Motion in Limine is denied as moot as to the issue of testimony on impulse control, and otherwise granted.

Case No. 8:17-CR-402-T-17JSS

opportunity to cross-examine Dr. Regnier.

The Court notes that the district court has excluded such testimony in other attempted-inducement cases, and the exclusion has been affirmed on appeal. See *United States v. Levinson*, 2011 WL 1467225 at *6 (S.D. Fla. 2011)(excluding fantasy testimony in an attempted-inducement case under Rule 704(b)), *report and recommendation adopted*, 2011 WL 1467222, *aff'd*, 504 Fed. Appx. 824 (11th Cir. 2013). In *Levinson*, The district court noted that the proposed testimony was not verifiable, and further that Fed. R. Ev. 704(b) prevents an expert from offering an opinion as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense there. The district court relied on *United States v. Hofus*, 598 F.3f 1171, 1179-80 (9th Cir. 2010)(opinion that defendant who sent text messages was only engaging in fantasy was precisely the question for the jury, and was inadmissible under Rule 704(b), and such testimony would likely confuse the jury). The Eleventh Circuit affirmed on the basis that the expert's testimony was unreliable.

After consideration, the Court grants the Motion in Limine as to this issue. Accordingly, it is

**ORDERED** that the Government's Motion in Limine is **denied in part as moot**, and **otherwise granted**. The Motion in Limine is denied as moot as to the issue of testimony on impulse control, and otherwise granted.

Case No. 8:17-CR-402-T-17JSS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of March, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record